IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Milton J. Guenther,<br><br>    Petitioner,<br><br>vs.<br><br>Craig Apker,<br><br>    Respondent. | No. CV-10-96-TUC-RCC (DTF)<br><br>**REPORT & RECOMMENDATION** |

Pending before the Court is a Petition for Writ of Habeas Corpus brought pursuant to Title 28, United States Code, Section 2241.[1] Petitioner, Milton J. Guenther, while confined in the Federal Prison Camp in Tucson, AZ, alleged that the Bureau of Prisons (BOP) incorrectly decided the period of his placement in a Residential Re-Entry Center ("RRC"). Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Ferraro for a Report and Recommendation. Before the Court are the Petition and supporting Memorandum (Doc. No. 1), Respondent's Answer (Doc. No. 11), Petitioner's Response and supplement thereto (Doc. Nos. 13, 14), and Respondent's Answer to Petitioner's Replies (Doc. No. 19).

### **Background**

Petitioner is serving an 18-month sentence, followed by 3 years of supervised release,

---

[1] 28 U.S.C. § 2241 is the federal habeas corpus statute that permits a prisoner to challenge his imprisonment on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. *See generally Peyton v. Rowe*, 391 U.S. 54 (1968).

for conspiracy to commit mail fraud in violation of 18 U.S.C. § 371. (Doc. No. 11, Ex. 1, Att. 2.) He is projected to be released from prison via good time conduct on October 1, 2010. (*Id.*)

According to Respondent, Petitioner's release plans were originally discussed during his initial classification meeting on July 17, 2009.[2] (Doc. No. 11, Ex. 2.) On October 7, 2009, Petitioner was reviewed for RRC placement. (Doc. No. 11, Ex. 2, Att. 1.) Petitioner indicated that he planned to reside with a friend and obtain employment at a health store in Surprise, Arizona following his release. Petitioner's Unit Team recommended an RRC placement of 5-6 months. (*Id.*)

On December 7, 2009, the Community Corrections Office reduced the length of Petitioner's RRC placement to 60 days, commencing on August 17, 2010. (Doc. No. 11, Ex. 2 & Att. 3, Ex. 3.) BOP Correctional Management Center Administrator Matthew Knitter stated that a 60-day placement was appropriate because Petitioner did not need housing, employment, vocational or educational assistance, Petitioner had no substance abuse problem, and because the resources for inmate placement in an RRC are "finite and limited." (Doc. No. 11, Ex. 3.)

On January 11, 2010, Petitioner filed an Inmate Request to Staff asking for reconsideration of the RRC placement decision. (Doc. No. 11, Ex. 2, Att. 3.) A BOP staff member responded to the Request, stating that Petitioner had failed to present any additional information that would support a reconsideration of his RRC placement. (*Id.*)

On February 8, 2010, Petitioner filed the pending Petition for Writ of Habeas Corpus. (Doc. No. 1.) Since the filing of the petition, the parties have provided new information indicating that Petitioner's employment and housing circumstances had changed and that he would no longer have a job if given his original RRC placement date. (Doc. No. 15, Ex. 2; Doc. No. 19 Ex. 1, ¶ 3.) Subsequent to the filing of Respondent's Answer and as a result of

---

[2] Although BOP Case Manager Patrick Sheehey submitted a declaration stating that Petitioner's release plans were originally discussed during an initial classification meeting on July 17, 2009, Respondents failed to produce documentation demonstrating that a meeting occurred on that date and/or that Petitioner's release plans were discussed at that meeting. The first documentary evidence of any discussion regarding Petitioner's release plans is the Institutional Referral for CCC Placement form dated October 7, 2009. (Doc. No. 11, Ex. 2, Att. 1.)

Petitioner's changed circumstances, Petitioner was granted an RRC placement date of May 25, 2010, and is currently at the RRC until at least October 1, 2010 (Petitioner's good conduct release date). (Doc. No. 19 at 2.)

**Mootness**

"Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants." *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 520 (9th Cir. 1999) (quoting *Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 (9th Cir. 1998)); *see also* U.S. CONST. art. 3, § 2, cl. 1. "The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) (quoting *Cook Inlet Treaty Tribes v. Shalala*, 166 F.3d 986, 989 (9th Cir. 1999) (internal quotation marks omitted)). Mootness is a jurisdictional issue, and "federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists." *Id.* If there is no longer any possibility that relief can be obtained for a claim, that claim is moot and must be dismissed for lack of jurisdiction. *See id.*

"[T]he function of the writ [of habeas corpus] is to secure immediate release from illegal physical custody," and that is the only relief a court has the power to grant. *Picrin-Peron v. Rison*, 930 F.2d 773, 775 (9th Cir. 1991). Thus, when a habeas petitioner has been released from the confinement of which he complains, the complaint must be dismissed as moot because the court can no longer provide the requested relief. *Id.* at 776 (dismissing § 2241 petition because petitioner had been granted immigration parole and released from custody); *Munoz v. Rowland*, 104 F.3d 1096, 1097-98 (9th Cir. 1997) (finding § 2241 petition challenging conditions of confinement moot because petitioner had been paroled, thus, relief sought was unavailable).

The essence of Petitioner's request for relief is transfer to an RRC facility. Subsequent to the filing of Respondent's Answer, Petitioner was granted an RRC placement date of May 25, 2010, and is currently at the RRC until at least October 1, 2010 (Petitioner's good conduct release date). (Doc. No. 19 at 2.) Because Petitioner has been transferred to the RRC, this Court can no longer provide him with the relief sought in his habeas corpus petition. Even if

this Court reviewed Petitioner's arguments and found in his favor, it would be unable to afford him any effective relief as a result of his being transferred to the RRC. Additionally, because no reasonable expectation exists that Petitioner will again be subjected to this same set of circumstances, "this is not a situation 'capable of repetition, yet evading review' to which the doctrine of mootness may not apply." *Reimers v. Oregon*, 863 F.2d 630, 632 (9th Cir. 1988) (quoting *Cox v. McCarthy*, 829 F.2d 800, 803 (9th Cir. 1987)). Therefore, the Court finds that the claim is moot and must be dismissed for lack of jurisdiction. *Foster*, 347 F.3d at 745.

**Recommendation**

Based on the foregoing, the Magistrate Judge recommends that the District Court DISMISS the Petition for Writ of Habeas Corpus (Doc. No. 1).

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV 10-96-TUC-RCC.**

DATED this 23rd day of June, 2010.

D. Thomas Ferraro
United States Magistrate Judge